IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-063 |
| | ) | |
| MR. TERRY BERNARD and | ) | |
| STATE OF GEORGIA PARDONS & | ) | |
| PAROLE BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Rutledge State Prison in Columbus, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

### I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff conveniently fails to answer the questions on the complaint form concerning his prior filing history. (See doc. no. 1, pp. 2-3.) However, the Court is aware Plaintiff has previously had a case dismissed based on "three strikes rule," Henderson v. Green, et al, CV 323-022 (S.D. Ga. Mar. 6, 2023), in which the Court identified at least three strikes Plaintiff accumulated: (1) Henderson v. Augusta Jud. Cir., 1:20-CV-175 (S.D. Ga. Dec. 22, 2020) (dismissed for failure to state a claim); (2) Henderson v. Mastny, 1:19-CV-017 (S.D. Ga. Feb. 7, 2019) (dismissed for failure to state a claim); and (3) Henderson v. Roundtree, 1:18-CV-063 (S.D. Ga. Apr. 3, 2018) (dismissed for failure to state a claim). See also Henderson v. Foolks, 7:20-CV-210, doc. no. 4 (M.D. Ga. Dec. 7, 2020) (collecting additional cases from Middle District of Georgia counting as strikes). Because Plaintiff has at least three strikes,

he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Att'y's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)). Plaintiff signed his complaint on April 27, 2024, and complains about fraudulent banking activity that occurred in 2018. (Doc. no. 1, pp. 6, 7.) His allegations have nothing to do with serious physical injury, let alone does he show he is in imminent danger of such injury.

In sum, Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger'" of serious physical injury when he filed his complaint in April of 2024. Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (per curiam) (citing Brown, 387 F.3d at 1349). Without specific allegations that a physical injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 20212) (per curiam); Brown, 387 F.3d at 1350; see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating serious physical injury is

imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 10th day of May, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA